Curia, per

Butler, J.
The limitation over in this case could only be good as an executory devise, and an executory devise cannot be good after an indefinite failure of issue. Such must be regarded the character of the devise in the case before us. The devise, in the'first instance, is to John, absolutely in fee, but with the qualification that follows: “ that if John should die without lawful issue, then over to the male issue of William.” No definite time is fixed for the failure of the issue of John, but the failure is such as may take place at some unlimited and indefinite period ; that is, when the first devisee shall have no descendants, then it is the desire of the devisor that William’s male issue shall take. This limitation might tie up the property for generations, and is therefore void. To this point, see the case of Mazyck vs. Vanderhorst, 1 Bailey Eq. Rep. 48, and also the case of Brummett vs. Barber, 2 Hill, 543, and the other authorities quoted in these cases.
The defendants claim under John, the first taker, and have acquired an absolute title to the property in controversy. The judgment below is affirmed, and the motion to set it aside is dismissed.
Richardso^O’Neall, Evans and Wardlaw, JJ., concurred.